UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| **JEREMY SCOTT SMITH, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No.: 4:18-cv-00070 |
| | ) | REEVES/STEGER |
| **BEDFORD COUNTY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint filed pursuant to 42 U.S.C. § 1983. On April 12, 2019, the Court entered an order screening Plaintiff's complaint and providing that Plaintiff had twenty days from the date of entry of that order to return a completed service packet for Defendant Bedford County [Doc. 5]. More than forty days passed and Plaintiff did not comply with this order or otherwise communicate with the Court, however. Accordingly, on May 30, 2019, the Court entered an order requiring Plaintiff to show good cause as to why this matter should not be dismissed for want of prosecution within fifteen days of entry of that order and directing the Clerk to send the order to both the address listed on the Court's docket sheet and the permanent address on Plaintiff's complaint [Doc. 6 p. 1]. More than fifteen days have passed and Plaintiff has not complied with this order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this action will be **DISMISSED** for want of prosecution.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012);

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to Court's orders is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Clerk's notice which provides that "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently" and that failure to provide such a notice within fourteen days of the change of address may result in dismissal of the case [Doc. 3 p. 1] and/or the Court's orders, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendant.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to update his address in a timely manner [Doc. 3 p. 1] and failed to comply with the Court's orders [Doc. 5 p. 6; Doc. 6 p. 1].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner when he filed this case, the Court has sent its order to Plaintiff's permanent address as listed in the complaint, and Plaintiff is not responding to orders or otherwise communicating with the Court.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**SO ORDERED**.

*/s/ Pamela L. Reeves*
**PAMELA L. REEVES**
**CHIEF UNITED STATES DISTRICT JUDGE**